[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion to sever.
In its motion, the plaintiff allege that the defendant Patrissi has filed a voluntary petition with the Bankruptcy Court for protection under Chapter 11. Further, as to Donald and Cecilia Milbier, there should be no stay of the proceedings and the plaintiff should be permitted to have its claims against Milbiers severed from the claims against Patrissi so that it may proceed with the action against Milbiers only.
The complaint alleges that the Milbiers are guarantors of an employment agreement between plaintiff and defendant, Patrissi. Patrissi has failed to pay $200,000.00 allegedly due despite demand.
Further in another court it is alleged that Milbier executed a note in favor of the plaintiff for $140,000 and despite demand Milbier's have failed to pay said obligation.
The general rule regarding the extension of a debtor's stay to actions brought against a non debtor was stated in In re Metal Center, Inc., 31 B.R. 458 (BKRTCY. 1938). The court stated:
 ". . . Generally, the automatic stay does not apply to proceedings against non debtors . . . Thus, in situations where a codefendant is independently liable as, for example, when the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of his own duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such nondebtor. Where, however, a debtor and a nondebtor are so bound by statute or contract that the liability of the nondebtor is imputed to the debtor by operation of law, then the Congressional intent to provide relief would be frustrated by permitting indirectly what is prohibited by the Court . . . Clearly the debtors protection must be extended to enjoin litigation against the others if the result would be binding upon the debtors estate." Id. at 462.
In Saybolt v. Bio Energy of Lincoln, Inc., 38 B.R. 1123
(BKRTCY 1984) the court applied the above reasoning to the situation where a plaintiff brought a claim against the debtor and the guarantors on a promissory note. The court held that the debtor's stay extended to the plaintiff's claim against the guarantors. CT Page 3506
Further in In re Rubenstein, 105 B.R. 198, 201 (Bkrtcy, 1989 ) the court stated, in general, the automatic stay does not apply to proceedings against non-debtors. Where, however, there is such an identity between a debtor and a nondebtor, that judgment against the nondebtor would be binding upon the debtor, the debtor's protection must be extended to enjoin litigation against the nondebtor.
In Rubenstein, the plaintiff foreclosure committee sought fees from a mortgagee bank. The fees, which included several hours of services and expenses along with appraisals, were incurred in an effort to sell the property which was to be foreclosed. The Rubenstein court held that "The debtor would not be bound by any judgment that the committee might obtain against the bank in state court and that, therefore, the bank is not protected by the automatic stay."
It appears, therefore, to this court, that the relationship in Rubenstein between the debt of the mortgagee bank to the foreclosure committee and the debt of the debtor to the mortgagee bank is not "such an identity between a debtor and a nondebtor" as to justify extension of the debtor's stay to the nondebtor. The relationship in Rubenstein is considerably more tenuous than the debtor-nondebtor relationship presently before this court and, therefore, Rubenstein is not applicable in the present action.
This court, therefore, concludes that the stay properly extends to the plaintiff's action against the guarantor.
The plaintiff's motion to sever is denied.
Socrates H. Mihalakos, Judge